# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV00546 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **HELEN HILL** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

## ORDER

**Plaintiff's Motion to Exclude Defendants' Experts (Doc. No. 54)** is DENIED without prejudice. Defendants will be able to discuss smoking and obesity. However, Defendants will have to give me additional citations as to why a pathologist and radiologist should be permitted to testify on these points. Back when I was practicing law there would have been no question about this, because any physician could testify on most any medical issue, but I believe some type of "reform" statute passed by the Arkansas General Assembly restricts this considerably. I need to be more fully advised in the premises by Defendant.

**Defendants' Motions for Summary Judgment re Statute of Limitations (Doc. Nos. 70, 98)** are DENIED, because questions of fact remain as to when Plaintiff knew or should have known of a possible connection between her breast cancer and HRT.

**Defendants' Motions to Exclude Testimony Re: What the "Reasonable" or "Ethical" Pharmaceutical Company Would Do (Doc. Nos. 85, 109)** are GRANTED. Plaintiff will need to advise me much more specifically in the premises with regards to the exact standards (pharmaceutical, ethical, or otherwise) which their experts rely on. Furthermore, Plaintiff should provide citations which show that a court has allowed testimony allowing an expert to opine that violations of these specific standards (if there are such standards) is evidence of negligence under Arkansas law.

IT IS SO ORDERED this 1st day of November, 2007.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE