**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV00546 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **HELEN HILL** | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| **WYETH, et. al.** | : | DEFENDANTS |

## ORDER

**Defendant's Motion for Partial Reconsideration of November 2, 2007 Order Re: Excess Breast Cancers (Doc. No. 320)** is GRANTED. I don't see any relevance of testimony about "excess breast cancers" during the liability stage of trial, if we're talking about numbers. It may be relevant during a punitive damages stage, and I'll address the issue again if a punitive damages stage becomes necessary.

I need to clarify my November 2, 2007 ruling: Defendants' Motion to Exclude Testimony Re: Total Excess of Breast Cancer is GRANTED. Defendant contends, and it appears to me, that Plaintiff's theory of causation is that "women with menopausal symptoms are necessarily 'estrogen-deficient' and cannot develop receptor-positive breast cancer unless they take hormone therapy."[1] If Plaintiff advances this theory, then Defendant can rebut with its statement that "most women who ingest hormone therapy do not develop breast cancer, and most women who

---

[1] Doc. No. 321.

1

develop breast cancer did not ingest E+P." (Incidentally, this ruling assumes that both parties lay a proper foundation and have experts or evidence to support their conclusions).

Both parties may discuss absolute risk and relevant risk, and compare HRT with other risk factors without getting into the general breast cancer numbers. More specifically, the numbers in Dr. Colditz's calculations will not be permitted during the liability phase of the trial.

IT IS SO ORDERED this 20th day of November, 2007.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE