IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | :  MDL Docket No. 4:03CV1507-WRW | |
| | :                       4:05CV00546 | |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **HELEN HILL** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

## ORDER

Pending are Wyeth's Omnibus Motion *In Limine* (Doc. No. 202) and Upjohn's Motion to Exclude Evidence (Doc. No. 210). Plaintiff has responded to both motions.

**A.     WYETH'S OMNIBUS MOTION *IN LIMINE***

**1. Wyeth's Motion in Limine No. 1 to Bar References to Argument and Evidence Re: Other Hormone Therapy Claimants or Cases and Past Litigation Involving Other Wyeth Pharmaceutical Products** is GRANTED, since such testimony is irrelevant, generally. However, the situations mentioned in paragraphs 1 and 2 of Plaintiff's response to the motion may open the door for Plaintiff to rebut Defendant's testimony. I will determine when the door has been opened, and the parties should approach the bench before eliciting testimony on the issue.

**2. Wyeth's Motion in Limine No. 2 to Bar Argument and Evidence Re: Post-WHI Labeling Changes for Premarin and Prempro** is GRANTED. I assume that Plaintiff could ask

1

the question roughly this way, "If this had been in the label when you were prescribing to Plaintiff, would you have still prescribed HRT in the manner you did?" It seems to me that such questioning makes the point Plaintiff claims she needs to make regarding the physician's prescribing habits and establishing what warnings should have been in the label. It is not necessary to put the actual subsequent labels in front of the jury.

If Wyeth argues that the FDA endorses HRT because the products remain on the market, Plaintiff should be able to rebut the testimony by showing that changes have been made to the label. I will determine when this line has been crossed and the parties should approach the bench before eliciting testimony on the issue.

**3. Wyeth's Motion in Limine No. 3 to Bar Evidence and Reference to the Premarin/Prempro General Sales Trends and Admit Evidence of Plaintiff's Doctors' Prescribing Trends Subject to a Limiting Instruction** is GRANTED. However, this information may be admissible during cross-examination, depending on the testimony of the physicians.

**4. Wyeth's Motion in Limine No. 4 to Bar Argument and Evidence Re: the Profit Margins for Premarin and Prempro** is GRANTED.

**5. Wyeth's Motion in Limine No. 5 to Bar Argument and Evidence Re: Wyeth's Alleged Mistreatment of Animals** is GRANTED. However, Plaintiff may state as a cold fact that the drug is created from pregnant mares' urine.

**6. Wyeth's Motion in Limine No. 6 to Bar Argument and Evidence Re: Alleged Fraud-on-the-FDA** is unopposed, and therefore GRANTED.

**7. Wyeth's Motion in Limine No. 7 to Bar Argument and Evidence Regarding the History and Events Leading to Inclusion of an Endometrial Cancer Warning in the Premarin Label** is DENIED. Plaintiff can argue the connection between endometrial cancer and estrogen and that it triggers a duty to study estrogen plus progestin in breast cancer. In doing so, Plaintiff can present evidence of how the endometrial cancer/estrogen association was discovered. If Defendant argues that when FDA standards are met it has no additional duties, Plaintiff may present evidence of Defendant's response to the discovery of the endometrial cancer/estrogen association and the FDA's response to Defendant.

**8. Wyeth's Motion in Limine No. 8 to Bar Testimony of Joseph Grummer, Jennifer Reynolds, Karen Chenault, Michelle Bell, Kevin Beckwith, Charles Payne, Edward DeAngelo, and Brett Hendricks at Trial** is GRANTED in PART and DENIED in PART.

The motion is GRANTED as to the sales representatives who called on the treating physician, but not during the time Plaintiff was being prescribed HRT. However, these sales representatives should be on stand-by, because their testimony may become admissible, depending on Plaintiff's treating physicians testimony.[1]

The motion is GRANTED as to the sales representatives who never had contact with Plaintiff's treating physician.[2]

---

[1] I referred to the sales representatives in general terms, because the briefs are not clear with respect to which specific sales representative saw which treating physician.

[2] See previous footnote.

The motion is GRANTED as to Charles Payne, Edward DeAngelo, and Brett Hendricks, but Plaintiff may keep them on standby in case there is a punitive damages stage.

**9. Wyeth's Motion in Limine No. 9 to Bar Argument and Evidence re Direct-to-Consumer Advertising Not Relied on by Plaintiff** is GRANTED.

**10. Wyeth's Motion in Limine No. 10 to Bar Argument and Evidence re a Nonexistent Duty to Warn the Patient** is GRANTED with regard to the legal duty to warn.

**11.  Wyeth's Motion in Limine No. 11 to Bar Demonstrative Evidence of Breast Cancer Surgery** is GRANTED.

**12.  Wyeth's Motion in Limine No. 12 to Bar Evidence and Argument Re: Adverse Drug Event Reports and Summaries Thereof** is GRANTED.

**B.**     **UPJOHN'S MOTION TO EXCLUDE EVIDENCE**

**1. Upjohn's Motion in Limine No. 1 to Bar Evidence Concerning Provera After Results of the Women's Health Initiative** is DENIED, because it is too broad and vague.

**2. Upjohn's Motion in Limine No. 2 to Bar Evidence of Marketing Materials Not Relied Upon by Plaintiff's Prescribing Physician** is GRANTED.

4

**3. Upjohn's Motion in Limine No. 3 to Bar FDA Correspondence Related to Provera Advertisements Not Seen by Plaintiff or Her Prescribing Physician** is GRANTED.

**4. Upjohn's Motion in Limine No. 4 to Bar Evidence of the Proposed Provera "Blister Pack"** -- is GRANTED.  However, if Upjohn argues, as Plaintiff suggests, that it always complies with FDA regulations, this evidence may be appropriate for cross-examination.

**5. Upjohn's Motion in Limine No. 5 to Bar Evidence of Alleged Fraud on the FDA or Violations of FDA Regulations** is unopposed, and therefore GRANTED.

**6. Upjohn's Motion in Limine No. 6 to Bar Evidence Applying Relative Risk Statistics of Breast Cancer to the General Population** -- see the November 20, 2007 Order (Doc. No. 330).

**7. Upjohn's Motion in Limine No. 7 to Bar Evidence of Net Worth, Financial Condition, and/or Profits Earned From Sale of Provera** is GRANTED.  However, if Upjohn raises the issue of not having the financial resources to pay for a study the scale of WHI, Plaintiff may elicit testimony from a witness to rebut Upjohn's position.

**8. Upjohn's Motion in Limine No. 8 to Bar Evidence of Other Legal Proceedings Involving Products Manufactured by Upjohn and/or Related Companies (Including Evidence of Warner-Lamberts's Plea Agreement Regarding Neurontin**) is GRANTED, since such testimony is irrelevant, generally.  However, the situations mentioned in paragraphs 1 and 2

of Plaintiff's response to the motion may open the door for Plaintiff to rebut Defendant's testimony. I will determine when the door has been opened, and the parties should approach the bench before eliciting testimony on the issue.

9. **Upjohn's Motion in Limine No. 9 to Bar Evidence of Certain Correspondence Between the FDA and Defendant's Counsel in 2000 Regarding HRT Medications Other Than Provera** is DENIED.

10. **Upjohn's Motion in Limine No. 10 to Bar Reference to "Defendants" Collectively Where Evidence Pertains Only to One**. If Plaintiff attempts to argue or indicate that some act or omission on the part of one Defendant applies to another Defendant -- when it does not -- bring it to my attention and I will rule then and there. I do not think this will be a problem, but if I am wrong I will act on the question when it arises.

11. **Upjohn's Motion in Limine No. 11 to Bar Evidence for Which a Proper Foundation Has Not Been Laid**. I aint' believin' this motion in limine; but, out of an abundance of caution, I note that the Federal Rules of Evidence will be deemed applicable during the trial -- to the extent that I understand them.

12. **Upjohn's Motion in Limine No. 12 to Bar References to the Presence or Absence of a Corporate Representative** is DENIED for the time being. If there is any law in support of Upjohn's position, I would be much obliged if Upjohn would cite same.

**13.  Upjohn's Motion in Limine No. 13 to Bar Evidence of Insurance** is unopposed, and therefore GRANTED.

IT IS SO ORDERED this 5th day of December, 2007.

/s/ Wm. R. Wilson, Jr.<br>UNITED STATES DISTRICT JUDGE