IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV00546 |
| **PREMPRO PRODUCTS LIABILITY LITIGATION** | : | |
| | : | |
| | : | |
| **HELEN HILL** | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| **WYETH, et. al.** | : | DEFENDANTS |

**ORDER**[1]

**1. Supplement Re: Dr. Parisian** -- Plaintiff provided a Second Supplement to Upjohn's Motion to Exclude Expert Testimony Re: Dr. Parisian (Doc. No. 316) in response to Judge Jones's November 15, 2007 Order -- which directed Plaintiff to provide citations to the authority relied upon by Dr. Parisian.

While I agree that Dr. Parisian's citations leave a bit to be desired, I believe she has met the *Daubert* threshold. Defendants' remaining criticism of Dr. Parisian's testimony and report can be addressed during cross-examination.

Dr. Parisian can give her opinions on the reasonableness of a pharmaceutical company's actions based on her observations over the years and her understanding of the regulations referenced in her expert report, her deposition, and the supplemental briefs. Dr. Parisian will not be permitted to talk about or refer to what an "ethical" or "responsible" pharmaceutical company does or would do.

---

[1]As counsel will note on some of these rulings, I like Judge Jones's choice of words.

Accordingly, Section C-3 of the November 15, 2007 Order (Doc. No. 313) is VACATED and Defendant's motion (Doc. No. 47) is DENIED as to that specific issue.

**2. Defendant's Motion for Summary Judgment Re: Failure-to-Warn Claims** (Doc. No. 308) is DENIED, based on the next preceding paragraph of this Order and Judge Jones's November 15, 2007 Order permitting Dr. Parisian to testify -- which I adopt, here and now.

However, only Dr. Parisian will be permitted to testify on this issue, and only to the extent permitted by this Order and Judge Jones's November 15, 2007 Order. I note that my November 1, 2007 Order[2] directed Plaintiff to provide supplemental authority to support her opposition to Defendants' Motions to Exclude Testimony Re: What the "Reasonable" or "Ethical" Pharmaceutical Company Would Do. The only supplemental authority presented was on behalf of Dr. Parisian, in response to Judge Jones's directions. Accordingly, Dr. Parisian is the only expert who will be allowed to address this subject.

**3. Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment Re: Failure-to-Warn Claims** (Doc. No. 333) is DENIED as MOOT.

**4. Dr. Austin's Cellular Testimony--** Judge Jones's November 15, 2007 Order[3] noted that he could find nothing in the record regarding Dr. Austin's testimony on the development of breast cancer at the cellular level. Plaintiff supplemented the record on November 13, 2007.[4]

---

[2]Doc. No. 277.

[3]Doc. No. 313.

[4]Doc. No. 300.

Based on this supplement, I am convinced that Dr. Austin can testify on this issue. The November 15, 2007 Order (Doc. No. 313) is VACATED to the extent that it granted Defendants' motion to exclude Dr. Austin's testimony regarding development of breast cancer at the cellular level. Accordingly, the motion (Doc. No. 87) is DENIED on this point.

**5.  Defendant's Motion for Summary Judgment Re: Specific Causation** (Doc. No. 72) is DENIED without prejudice, since Plaintiff's causation expert has been permitted to testify.

IT IS SO ORDERED this 10th day of December, 2007.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE