## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:05CV00546** |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **HELEN HILL** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

## ORDER

Pending is Defendants' Partial Motion for Summary Judgment Re: Design Defect Claim

(Doc. No. 64).  A response, reply, supplements, and sur-replies have been submitted as well.

## I.    BACKGROUND

Plaintiff asserts that the hormone therapy drugs ("HRT") manufactured by Defendants

were defective based on "design or formulation" and "the foreseeable risks exceeded the benefits

associated with the design or formulation."[1]  Specifically Plaintiff asserts that the "high dose"

HRT was defective so as to render it unreasonably dangerous, since "low dose" HRT is just as

effective with less risk.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[2]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

---

[1]Doc. No. 1.

[2]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[3]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[4]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[5]  I must view the facts in the light most favorable to the party opposing the motion.[6]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

[T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[7]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[8]

---

[3]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[4]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[5]*Id.* at 728.

[6]*Id.* at 727-28.

[7]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[8]*Anderson*, 477 U.S. at 248.

## III.   DISCUSSION

To prevail on a design defect claim under Arkansas law, Plaintiff must prove that Defendants supplied the product in a defective condition that rendered it unreasonably dangerous and that the defective condition was the proximate cause of her injury.[9]  A defective condition is one that renders a product unsafe for reasonably foreseeable use and consumption.[10]  A product is unreasonably dangerous if its condition is:

> beyond that which would be contemplated by the ordinary and reasonable buyer, consumer, or user who acquires or uses the product, assuming the ordinary knowledge of the community or of similar buyers, users, or consumers as to its characteristics, propensities, risks, dangers, and proper and improper uses, as well as any special knowledge, training, or experience possessed by the particular buyer, user, or consumer or which he or she was required to possess.[11]

The parties go to great lengths discussing Plaintiff's "safer alternative design."  However, "a defective design can be established under Arkansas law without proof of a safer alternative design."[12]  In fact, the Eighth Circuit has held that:

> [U]nder Arkansas law the existence, practicality, and technological feasibility of an alternative safe design are not necessary elements of the plaintiff's cause of action, but rather are merely factors that may be considered by the jury in determining whether a product was supplied in a defective condition that rendered it unreasonably dangerous. Indeed, our review of Arkansas's products liability law reveals that its general tendency is to submit such factual questions to the jury to weigh in light of all the evidence.[13]

---

[9]*Higgins v. General Motors Corp.*, 287 Ark. 390 (1985).

[10]Ark. Code Ann. § 16-116-102(2).

[11]Ark. Code Ann. § 16-116-102(7)(A).

[12]*Boerner v. Brown & Williamson Tobacco Corp.*, 260 F.3d 837, 846 (8th Cir. 2001).

[13]*Id.* (citations omitted).

The existence of an alternative design is simply an element of proof going to whether the product was unreasonably dangerous.

It appears to me that facts remain in dispute regarding, among other things, (1) whether reasonable doctors knew of the magnitude of the risk of ingesting HRT and developing breast cancer; and (2) whether HRT, in the dosage consumed by Plaintiff, was in a defective condition and unreasonably dangerous.

### CONCLUSION

Since, based on the evidence presented so far, issues of material fact remain in dispute, Defendants' Partial Motion for Summary Judgment Re: Design Defect Claim (Doc. No. 64) is DENIED.

IT IS SO ORDERED this 14th day of January, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE