IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV00546 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **HELEN HILL** | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| **WYETH, et. al.** | : | DEFENDANTS |

## ORDER

Pending is Defendants' Motion for Interlocutory Appeal (Doc. No. 364). Plaintiff has responded.[1] A reply will not be necessary.

Defendants request an interlocutory appeal so that the Eighth Circuit may address the rulings: (1) denying Wyeth's *Daubert* motion to exclude the expert testimony of Dr. Elizabeth Naftalis regarding specific causation;[2] (2) denying Wyeth's summary judgment motion regarding the statute of limitations;[3] and (3) denying Wyeth's partial summary judgment motion regarding federal preemption.[4]

### I.   INTERLOCUTORY APPEAL STANDARD

Motions for certification of an interlocutory appeal are to be granted sparingly, and the movant bears a heavy burden of demonstrating that the case is an exceptional one in which the

---

[1] Doc. No. 375.

[2] Doc. No. 313

[3] Doc. No. 277.

[4] Doc. No. 142.

1

immediate appeal is warranted. The interlocutory appeal should be used only in exceptional cases where "a decision on appeal may avoid protracted and expensive litigation."[5]

Section 1292(b) of the United States Codes states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .[6]

Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation.[7]

## II.  DISCUSSION

I realize these issues are important to Defendants, but I do not believe they qualify as exceptional to the extent that immediate appeal is necessary. Additionally, the exact issues proposed for interlocutory appeal in this case can be addressed by the Eighth Circuit if and when the parties appeal *Scroggin v. Wyeth*, 4:04-CV-1169-WRW.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion for Interlocutory Appeal (Doc. No. 364) is DENIED.

IT IS SO ORDERED this 31st day of March, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[5] *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

[6] 28 U.S.C. § 1292(b).

[7] *White*, 43 F.3d at 377.